# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WATT and NORMA WATT,<br><br>Plaintiffs,<br><br>v.<br><br>WACHOVIA MORTGAGE, FSB, and DOES 1 through 10, inclusive<br><br>Defendants. | NO. 1:09-CV-00283-AWI-SMS<br><br>ORDER CLOSING THE CASE DUE TO VOLUNTARY DISMISSAL WITH PREJUDICE |

On May 12, 2009, Plaintiffs filed a request for dismissal of this case with prejudice. Although not stated in the notice, the Court construes it as one made pursuant to Federal Rule of Civil Procedure 41(a)(1)(i).

In Wilson v. City of San Jose, the Ninth Circuit explained:

Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

No answers to Plaintiffs' complaint and no motions for summary judgment have been filed in this case and it appears that no such answers or summary judgment motions have been served. Because Plaintiffs have exercised their right to voluntarily dismiss the complaint under Rule 41(a)(1), this case has terminated. See Wilson, 111 F.3d at 692.

Therefore, IT IS HEREBY ORDERED that the Clerk is ordered to close this case in light of Plaintiffs' Rule 41(a)(1)(i) requested dismissal with prejudice.

IT IS SO ORDERED.

**Dated:   May 13, 2009**              /s/ Anthony W. Ishii
                                     CHIEF UNITED STATES DISTRICT JUDGE